UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AXIS REINSURANCE COMPANY                    CIVIL ACTION

VERSUS                                      NO: 05-6318

LOUIS J. LANZA, III                         SECTION: J(3)


### ORDER AND REASONS

Before the Court are the following cross motions for summary judgment: (1) **Plaintiff Axis Reinsurance Company's Motion for Summary Judgment (Rec. Doc. 10)** and (2) Defendant's Lanza's opposition thereto, which was converted to a cross-motion for summary judgment. **(Rec. Doc. 17)**.  Both parties have agreed that there are no genuine issues of material fact and have agreed to forgo a trial on the merits and have this Court decide this matter on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Defendant Lanza's motion for summary judgment should be granted and Plaintiff Axis's motion for summary judgment should be denied.

### Factual and Procedural Background

Lanza owned a 2004 Sea Doo Speedster 200 Jet Boat, which was insured by AXIS. In April of 2005, Lanza renewed coverage on the vessel.  With this renewal, Axis sent Lanza a "Windstorm Exclusion" policy which stated, "[w]e do not provide any coverage

for loss or damage due to a tropical depression, tropical storm or hurricane." (See AXIS MSJ, Exhibit 3). Lanza admits that he has no reason to believe he did not receive this exclusion clause.

Lanza'a Sea Doo boat sank one to two days after Hurricane Katrina made landfall on August 29, 2005 in the flood waters from the 17th Street Canal levee breach.  The parties have stipulated that the repair costs of the vessel are $18,674.14.  Axis filed a declaratory judgment action seeking a declaration that the damage to Lanza's boat was not covered based on the windstorm exclusion.

### The Parties' Arguments

Axis claims that the windstorm exclusion plainly excludes coverage for any loss or damage occasioned by a hurricane.  Axis asserts that had it not been for Hurricane Katrina, the Greater New Orleans area would not have flooded and Lanza's Sea Doo boat would not have sank.  Thus, Axis claims that the windstorm exclusion excludes coverage for damages sustained to Lanza's boat.

In opposition, Lanza asserts that the negligence of the Army Corps of Engineers in the design and construction of the levee caused the breach at the 17th street Canal.  He further asserts that this negligence coupled with the negligence of the government of Jefferson Parish allowed water to enter the parish, which ultimately was responsible for sinking his boat.

Specifically, Lanza claims that these intervening acts were the direct cause of the loss of his vessel - not Hurricane Katrina. Because exclusion clauses are construed against the maker, Lanza asserts that the windstorm exclusion clause should not be interpreted to be a flood exclusion clause.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

The issue presented here is whether the windstorm exclusion excludes coverage for the damages sustained to Lanza's Sea Doo boat in the flood waters that followed Hurricane Katrina.  In making this determination, the Court finds Judge Duval's recent decision in In re Katrina Canal Breaches Consolidated Litigation, 2006 WL 3421012 (E.D. La. 2006) helpful.  Both actions involve disputes between policyholders and insurance companies regarding losses caused by Katrina flood waters.  Policyholders in both cases argue that the exclusion provisions do not apply because

the flooding was predominantly caused by the negligent maintenance of the 17th Street Canal levee.  The policyholders in both cases argue that because Louisiana law requires insurance companies to make policy exclusions specific and particularized, provisions generally excluding losses caused by natural events do not likewise exclude losses caused by third party negligence merely because a natural disaster is involved.

The Court in In Re Katrina explained that ambiguous exclusion provisions in all-risk insurance policies are construed (1) narrowly, requiring specificity and particularization as to excluded losses, (2) against the drafter and in favor of coverage, and (3) in favor of the policyholder's reasonable expectations.  In re Katrina, 2006 WL 3421012 at *6-7.  The Court further explained that an exclusion provision is ambiguous if it is subject to two or more reasonable interpretations.  Id. at *6, citing Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003); Carrier v. Reliance Ins. Co., 99-2573, (La.4/11/00), 759 So.2d 37, 43-44; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co. 03-0911, p. 5 (La.1/14/94)], 630 So.2d 759, 764.

Judge Duval in In Re Katrina dismissed claims for coverage of losses under policies that exclude flood damage regardless of the cause of the flooding and denied motions to dismiss claims under policies that exclude flood damage generally.  He determined that a general flood exclusion provision is ambiguous

4

because the term "flood" is subject to more than one reasonable interpretation.  2006 WL 3421012 at *14.   Judge Duval concluded that because the ambiguity had to be resolved favoring the policyholder, policies generally excluding flood did not exclude man-made flooding.  He further determined that policies excluding flood regardless of the cause do not suffer from the same ambiguity and thus exclude man-made flooding.  Id. at *32.

The In Re Katrina court determined that the proximate efficient cause of the damage in In re Katrina was negligence, not Katrina.  Id. at *27.  "What must be remembered is that the allegations in this matter revolve around the concept that the flood walls involved collapsed precisely under the conditions that they were designed to withstand.  If the pumps failed [in heavy rain] at a point which they were designed to handle, then arguably negligence might be present."  Id.  In other words, if man-made measures fail due to negligence under conditions which they are designed to withstand, they break the causal chain and become the proximate efficient cause of resulting damage.

This Court concludes that the windstorm exclusion here is a general exclusion clause that is more akin to those that Judge Duval found not to exclude losses caused by the flood waters that followed Hurricane Katrina.  Further, the exclusion here is a windstorm exclusion - as opposed to the flood provision at issue in In Re Katrina.  Whereas the word "flood" may be susceptible to

two interpretations (i.e. natural but not man-made versus natural
and man-made), the words "windstorm" and "hurricane" are less
ambiguous and seemingly could not be taken to mean a man-made
event as well as a natural event.

As noted by Judge Duval:

> The insurers could have drafted such a clear
> exclusion with very little effort, but they did
> not.  As discussed herein, this precise issue,
> natural causes versus man-made causes, has been
> dealt with by various courts for a number of
> years.  If the insurers, who wrote every word of
> the policies, wanted to make the language clear .
> . . it could have so drafted the policy language.
> For reasons only known to the insurer, it chose
> not to do so.

Id.  Similarly here, Lanza argues, "[h]ad [Axis] intended to
exclude the negligence of Parish government [or] liability for
catastrophic failure of Corps of Engineers flood control
structures, they could have." (Rec. Doc. 17, p. 5)  Axis did not
describe the types of hurricane losses included in the provision
(i.e. flood, wind, combination third party negligence, etc.).
Ambiguous exclusion provisions in insurance policies must be
construed (1) narrowly, requiring specificity and
particularization as to excluded losses, (2) against the drafter
and in favor of coverage, and (3) in favor of the policyholder's
reasonable expectations.  Id. at *6-7.

In light of the obligation under Louisiana law for insurance
companies to particularize their exclusion provisions, this Court
concludes that Axis's provision that merely excludes

windstorm/hurricane damage is not specific enough to exclude coverage for damages from flooding caused by negligent levee failure.  Accordingly,

**IT IS ORDERED** that **Plaintiff Axis Reinsurance Company's Motion for Summary Judgment (Rec. Doc. 10)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Lanza's opposition Axis's motion for summary judgment, which was converted to a cross-motion for summary judgment **(Rec. Doc. 17)** should be and hereby is **GRANTED.**

New Orleans, Louisiana this 29th day of March, 2007.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE